OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
304 U.S. COURTHOUSE
68 COURT STREET
BUFFALO, NEW YORK 14202-3498
(716) 551-4211

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 MAY 19  PM 4:43

5/15/08

Clerk U.S. District Court
District of Delaware
J. Caleb Boggs Federal Bldg
844 North King Street
Wilmington, DE 19801-3519

RE: Transfer of Jurisdiction
07-cr-253

Dear Clerk:

Enclosed are certified copies of the Transfer of Jurisdiction of Teresa Escalante-Lara along with the docket sheet, Complaint, Information, Plea Agreement and Judgment from our file.

Please return the enclosed copy of our letter acknowledging your receipt of the same.

Very truly yours,

RODNEY C. EARLY, Clerk

By: S/ Jane D. Kellogg
Deputy Clerk

Enclosures

FILED

2008 MAY 14 **TRANSFER OF JURISDICTION**

U.S. DISTRICT COURT
WESTERN - BUFFALO

| | | LBF/sb DOCKET NUMBER (Tran. Court) |
|---|---|---|
| | | 1:07CR00253-001 |
| | | DOCKET NUMBER (Rec. Court) |
| | | CL08-64 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| TERESA ESCALANTE-LARA<br>8617 Front Street<br>Lincoln, Delaware 19960 | WD/NY | Buffalo |
| | NAME OF SENTENCING JUDGE | |
| | WILLIAM M. SKRETNY, U.S. District Judge | |
| | DATES OF PROBATION | FROM 02/07/2008 | TO 02/06/2009 |

| OFFENSE |
|---|
| False Claim of U.S. Citizenship, in violation of 18 U.S.C. §911 |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **WESTERN** DISTRICT OF **NEW YORK**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the __District of Delaware__ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.* Collection of restitution will be maintained by the sentencing district if the case is Joint and Several with other defendants.

__02/15/08__
DATE

UNITED STATES DISTRICT JUDGE

* This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF **DELAWARE**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

__4/18/08__
EFFECTIVE DATE

UNITED STATES DISTRICT JUDGE

# U.S. DISTRICT COURT

## U.S. District Court, Western District of New York

**Notice of Electronic Filing**

The following transaction was entered on 5/15/2008 at 9:25 AM EDT and filed on 5/14/2008
**Case Name:**          USA v. Escalante-Lara
**Case Number:**        1:07-cr-253
**Filer:**
**Document Number:** 27

**Docket Text:**
**Probation Jurisdiction Transferred to District of Delaware as to Teresa Escalante-Lara
Transmitted Transfer of Jurisdiction form, with certified copies of complaint,
information, plea agreement, judgment and docket sheet. (JDK)**


**1:07-cr-253-1 Notice has been electronically mailed to:**

Nelson S. Torre bflolawyer@aol.com

MaryEllen Kresse maryellen.kresse@usdoj.gov, suzanne.buffamanti@usdoj.gov

Mary C. Kane (Terminated) mary.kane@usdoj.gov, kea.rusch@usdoj.gov

**1:07-cr-253-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1042579058 [Date=5/15/2008] [FileNumber=1072229-0
] [d7275d4dc94be91494f594414cae552e44a7959a5a6127b5b32cc173b5fb9c6f2ac
bbb877adc5fec2090ccf1666119f11284b698e7d502a08b7b61e006688a56]]

CLOSED_2008, INTERPRETER

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: 1:07-cr-00253-WMS All Defendants
### Internal Use Only

Case title: USA v. Escalante-Lara

Magistrate judge case number: 1:07-mj-00064-HKS

Date Filed: 10/23/2007

Date Terminated: 02/19/2008

Assigned to: Hon. William M. Skretny

**Defendant (1)**

**Teresa Escalante-Lara**
*TERMINATED: 02/19/2008*
*also known as*
Julieta Partida
*TERMINATED: 02/19/2008*

represented by **Nelson S. Torre**
438 Main Street
Suite 910
Buffalo, NY 14202
716-854-2808
Fax: 716-854-1654
Email: bflolawyer@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

IMPERSONATING CITIZEN OF THE
U.S. 18:911.F
(1)

**Disposition**

The Defendant is sentenced to a 1 year
term of Probation. Conditions of
Probation are as detailed in minute
entry of 2/7/2008. $100.00 Special
Assessment imposed.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**    ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By _____
Deputy Clerk

**Highest Offense Level (Terminated)**

None

**Complaints**

**Disposition**

18:911.F - impersonating citizen of the
U.S.; 18:1001.F - statements or entries
generally.

**Plaintiff**

**USA**                                    represented by    **Mary C. Kane**
                                                            U.S. Attorney's Office
                                                            Federal Centre
                                                            138 Delaware Avenue
                                                            Buffalo, NY 14202
                                                            716-843-5809
                                                            Fax: 716-551-5563
                                                            Email: mary.kane@usdoj.gov
                                                            *TERMINATED: 10/29/2007*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **MaryEllen Kresse**
                                                            U.S. Attorney's Office
                                                            Federal Centre
                                                            138 Delaware Avenue
                                                            Buffalo, NY 14202
                                                            716-843-5888
                                                            Fax: 716-551-3052
                                                            Email: maryellen.kresse@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/29/2007 | 1 | COMPLAINT as to Teresa Escalante-Lara (1). (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
| 05/29/2007 |  | (Court only) ARREST Warrant Issued by H. Kenneth Schroeder Jr. in case as to Teresa Escalante-Lara. **This is a private entry.** (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
| 06/01/2007 |  | Arrest of Teresa Escalante-Lara (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
| 06/01/2007 | 2 | Minute Entry for proceedings held before Judge H. Kenneth Schroeder Jr.:Initial Appearance as to Teresa Escalante-Lara held on 6/1/2007. Preliminary Examination set for 6/27/2007 02:00 PM before Hon. H. Kenneth Schroeder Jr. Time excluded.(Court Reporter FTR Gold.) (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
| 06/01/2007 | 3 | (Court only) CJA 23 Financial Affidavit by Teresa Escalante-Lara. THIS IS A PRIVATE ENTRY. (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
|  |  |  |

| 06/01/2007 | 4 | ARREST Warrant Returned Executed on 6/1/07 in case as to Teresa Escalante-Lara. (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
| 06/01/2007 | 5 | ORDER Setting Conditions of Release as to Teresa Escalante-Lara (1). Signed by Judge H. Kenneth Schroeder Jr. on 6/1/07. (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
| 06/01/2007 | | (Court only) ***Set/Clear Flags as to Teresa Escalante-Lara (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
| 06/06/2007 | 6 | ORDER TO CONTINUE - Ends of Justice as to Teresa Escalante-Lara Time excluded from 6/1/07 until 6/27/07. Signed by Judge H. Kenneth Schroeder Jr. on 6/6/07. (LMP) [1:07-mj-00064-HKS] (Entered: 06/08/2007) |
| 06/13/2007 | 7 | CJA 20 as to Teresa Escalante-Lara: Appointment of Attorney Nelson Salvatore Torre for Teresa Escalante-Lara. Signed by Judge H. Kenneth Schroeder Jr. on 6/13/07. (LMP) [1:07-mj-00064-HKS] (Entered: 06/13/2007) |
| 06/27/2007 | 8 | Minute Entry for proceedings held before Judge H. Kenneth Schroeder Jr.:Status Conference as to Teresa Escalante-Lara held on 6/27/2007. If case is not resolved by 8/29/07, the complaint will be dismissed pursuant to Rule 48(b). Time Excluded as to Teresa Escalante-Lara from: 6/27/07 to 8/29/07. (Court Reporter FTR Gold.) (LMP) [1:07-mj-00064-HKS] (Entered: 07/02/2007) |
| 07/02/2007 | 9 | ORDER TO CONTINUE - Ends of Justice as to Teresa Escalante-Lara Time excluded from 6/27/07 until 8/29/07. Signed by Judge H. Kenneth Schroeder Jr. on 6/29/07.(LMP) [1:07-mj-00064-HKS] (Entered: 07/02/2007) |
| 08/28/2007 | 10 | MOTION to Adjourn Rule 48(b) Dismissal by USA as to Teresa Escalante-Lara. (Kresse, MaryEllen) [1:07-mj-00064-HKS] (Entered: 08/28/2007) |
| 08/28/2007 | 11 | Sealed Document (Affidavit)as to Teresa Escalante-Lara. (LMP) [1:07-mj-00064-HKS] (Entered: 09/11/2007) |
| 08/30/2007 | 12 | ORDER TO CONTINUE - Ends of Justice as to Teresa Escalante-Lara Time excluded from 8/29/07 until 10/1/07. Signed by Judge H. Kenneth Schroeder Jr. on 8/29/07.(LMP) [1:07-mj-00064-HKS] (Entered: 09/11/2007) |
| 09/11/2007 | | (Court only) ***Motions terminated as to Teresa Escalante-Lara: 10 MOTION to Adjourn Rule 48(b) Dismissal filed by USA. (LMP) [1:07-mj-00064-HKS] (Entered: 09/11/2007) |
| 09/25/2007 | 13 | MOTION to Adjourn Rule 48(b) Dismissal *Notice of Motion and Motion to Postpone Rule 48(b) Dismissal* by USA as to Teresa Escalante-Lara. (Kresse, MaryEllen) [1:07-mj-00064-HKS] (Entered: 09/25/2007) |
| 09/28/2007 | | CALENDAR ENTRY as to Teresa Escalante-Lara: A Waiver of Indictment and Plea is scheduled for 10/23/2007 at 11:00 AM before the Hon. William M. Skretny. (MEAL) [1:07-mj-00064-HKS] (Entered: 09/28/2007) |
| 10/01/2007 | 14 | Sealed Document (Affidavit) as to Teresa Escalante-Lara. (LMP) [1:07-mj-00064-HKS] (Entered: 10/05/2007) |

| 10/01/2007 | 15 | ORDER TO CONTINUE - Ends of Justice as to Teresa Escalante-Lara Time excluded from 10/1/07 until 11/1/07. Signed by Judge H. Kenneth Schroeder Jr. on 9/26/07.(LMP) [1:07-mj-00064-HKS] (Entered: 10/05/2007) |
|---|---|---|
| 10/23/2007 | 16 | WAIVER OF INDICTMENT by Teresa Escalante-Lara (JDK) (Entered: 10/25/2007) |
| 10/23/2007 | 17 | INFORMATION as to Teresa Escalante-Lara (1) count(s) 1. (JDK) (Entered: 10/25/2007) |
| 10/23/2007 | 18 | PLEA AGREEMENT as to Teresa Escalante-Lara (JDK) (Entered: 10/25/2007) |
| 10/23/2007 | 19 | Minute Entry for proceedings held before the Hon. William M. Skretny:Waiver of Indictment and Plea as to Teresa Escalante-Lara held on 10/23/2007. Waiver of Indictment and Plea Agreement entered into by Teresa Escalante-Lara and accepted by the Court. Defendant pled guilty to a One Count Felony Information. Guilty plea accepted by the Court. Sentencing set for 2/7/2008 at 9:00 AM before the Hon. William M. Skretny. Sentencing submission schedule set as follows: Presentence Report to Parties due by 12/21/2007. Sentencing Factors Statements/Sentencing Motions due by 1/14/2008. Objections/Responses to Sentencing Factors/Motions due by 1/24/2008. Presentence Report to the Court due by 1/31/2008. Character Letters due by 1/31/2008. Defendant released on same terms and conditions pending sentencing. For the govt. - Mary Ellen Kresse. For the deft. - Nelson Torre. Interpreter - Coralia Hetzner. (Court Reporter Maureen Pritchard, Accurate Reporting, Inc..)(MEAL) (Entered: 10/28/2007) |
| 10/29/2007 | | Attorney update in case as to Teresa Escalante-Lara. Attorney MaryEllen Kresse for USA added. Attorney Mary C. Kane terminated. (JDK) (Entered: 10/29/2007) |
| 01/03/2008 | 20 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Teresa Escalante-Lara (Kresse, MaryEllen) (Entered: 01/03/2008) |
| 01/04/2008 | 21 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Teresa Escalante-Lara (Torre, Nelson) (Entered: 01/04/2008) |
| 01/22/2008 | | (Court only) ***Motion terminated as to Teresa Escalante-Lara: 13 Motion to Adjourn Rule 48(b) Dismissal *Notice of Motion and Motion to Postpone Rule 48(b) Dismissal* MOTION to Adjourn Rule 48(b) Dismissal *Notice of Motion and Motion to Postpone Rule 48(b) Dismissal* filed by USA. (MEAL) (Entered: 01/22/2008) |
| 02/07/2008 | 22 | Minute Entry for proceedings held before William M. Skretny U.S.D.J.:Sentencing held on 2/7/2008 for Teresa Escalante-Lara on One Count Felony Information. Presentence report to be sealed. - will be made available to counsel for appeal purposes only. The probation department's recommendation section which is a part of said presentence report will be kept under separate seal and will not be accessible to counsel. Total Offense Level: 6. Criminal History Category: I. The defendant is sentenced to a 1 year term of probation Probation to be unsupervised upon deportation. While on probation the defendant shall abide by the following conditions: The |

| | | |
|---|---|---|
| | | defendant shall not commit any crimes, federal, state, or local. The defendant of conviction. Defendant released pending deportation. For the govt. - Mary Ellen Kresse. For the deft. - Nelson Torres. For prob. - Michael Quarantillo. Interpreter - Howard Nelson. (Court Reporter Michelle McLaughlin.) (MEAL) (Entered: 02/14/2008) |
| 02/19/2008 | 23 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Teresa Escalante-Lara (JDK) (Entered: 02/19/2008) |
| 02/19/2008 | 24 | Sealed Document/Sentencing Recommendation as to Teresa Escalante-Lara. (JDK) (Entered: 02/19/2008) |
| 02/19/2008 | 25 | JUDGMENT as to Teresa Escalante-Lara (1). Additional certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department.. Signed by Judge William M. Skretny on 2/15/08.(JDK) (Entered: 02/19/2008) |
| 02/19/2008 | | (Court only) ***Case Terminated., ***Set/Clear Flags as to Teresa Escalante-Lara (JDK) (Entered: 02/19/2008) |
| 03/17/2008 | 26 | CJA 20 as to Teresa Escalante-Lara: Authorization to Pay Nelson Torre. Amount: $ 1462.20, Voucher # 070611000025.. Signed by Hon. William M. Skretny on 3/10/08.(JDK) (Entered: 03/18/2008) |
| 05/14/2008 | 27 | Probation Jurisdiction Transferred to District of Delaware as to Teresa Escalante-Lara Transmitted Transfer of Jurisdiction form, with certified copies of complaint, information, plea agreement, judgment and docket sheet. (JDK) (Entered: 05/15/2008) |

# United States District Court

WESTERN    DISTRICT OF    NEW YORK

UNITED STATES OF AMERICA

v.

TERESA ESCALANTE-LARA
a.k.a. JULIETA PARTIDA

**CRIMINAL COMPLAINT**

CASE NUMBER:   07-M- ⸱⸱

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about August 21, 2005, in the Western District of New York, the defendant, TERESA ESCALANTE-LARA, also known as JULIETA PARTIDA, did knowingly and willfully make a false claim of United States citizenship in violation of Section 911 of Title 18 of the United States Code, and did knowingly and willfully make materially false statements to Customs and Border Protection officers, that is, that she was Julieta Partida, that she was a United States citizen, and that she was born in California, all in violation of Section 1001(a)(2) of Title 18 of the United States Code.

I further state that I am an Enforcement Officer with United States Customs and Border Protection, and that this Criminal Complaint is based upon the facts which are set forth in the attached affidavit which is made a part hereof.

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:   ( ✔ ) Yes   ( ) No

RAYMOND J. ECKERT
Signature of Complainant

Sworn to before me and subscribed in my presence,

May 29 , 2007              at    Buffalo, New York
Date                                    City and State

H. KENNETH SCHROEDER, JR.
United States Magistrate Judge
Name & Title of Judicial Officer           Signature of Judicial Officer

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA                    :

          **v.**                    :

**TERESA ESCALANTE LARA**                    :
**a/k/a JULIETA PARTIDA,**

                              :

           **Defendant,**        :      07-M-$\cancel{64}$

            ————————————        :

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

STATE OF NEW YORK        )
COUNTY OF NIAGARA        )        SS:
CITY OF NIAGARA FALLS    )

Raymond J. Eckert being duly sworn, deposes and states:

1.     I am an Enforcement Officer with United States Customs and Border Protection ("CBP"), within the Department of Homeland Security ("DHS"), and have been so employed for the past seventeen years. In such capacity, my duties include investigating persons who have violated Federal Immigration laws and other related Federal statutes.

2.     As part of my current duties, I have become involved in an investigation of suspected violations of Title 18, United States Code, Section 911 and Title 18, United States Code, Section 1001.

3.    I make this affidavit in support of a Criminal Complaint charging TERESA ESCALANTE-LARA, also known as JULIETA PARTIDA, with falsely claiming to be a United States citizen, and with knowingly and willfully making a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States, in violation of Title 18, United States Code, Sections 911 and 1001(a)(2) respectively.

4.    On August 21, 2005, at approximately 11:45 a.m., I was notified of a possible violation of law involving an absconder identified as Daniel Morales Lopez, and an adult female who was initially identified as Julieta Partida. Both individuals were encountered at the Rainbow Bridge Port of Entry, traveling in a vehicle bearing Delaware tag PC6XXXXX. Daniel Morales Lopez was the driver and the individual initially known as Julieta Partida was the front-seat passenger.  There were three minor children in the back seat.

5. The CBP Officer who encountered the vehicle at primary inspection on August 21, 2005 reported that the occupants had been denied entry into Canada and the vehicle directed back to the United States by Canadian Immigration

Officers.   Individuals who are denied entry into Canada
are given a form which lists their name, date of birth and
citizenship, and indicates they have been denied entry
into Canada.   Upon arrival at primary inspection in the
United States, the individuals are required to present
this document to the United States inspector.

6. The refusal of entry form given to the CBP officer by
Daniel Morales-Lopez indicated that the female passenger
was Julieta Partida, a United States citizen with a date
of birth in April 1971. She provided the same information
to the CBP officer, namely, that she was a United States
citizen. She told the officer that she was born in Chula
Vista, California. She gave the CBP officer a State of
Delaware driver's license no. 139XXXX in the name Julieta
Partida. A redacted copy of the license is attached hereto
as **Exhibit A.**   The vehicle was referred to secondary
inspection.   Shortly thereafter, Daniel Morales Lopez
absconded from the port of entry, leaving behind the adult
female known as Julieta Partida and her three minor
children.

7. At approximately 1:15 p.m. on August 21, 2005, I
interviewed the female claiming to be Julieta Partida. I
also examined the State of Delaware driver's license she

had presented. The driver's license bore the name Julieta Partida and appeared to be a genuine document. The data appearing on the driver's license was confirmed by me via an automated query to the State of Delaware driver's license database.

8. In response to questioning, the female told me that her name was Julieta Partida, that she was a United States citizen, and that she was born on the same date in April 1971 she had previously given, in Chula Vista, California.

9.    After completing my initial interview of the female claiming to be Julieta Partida, I obtained an electronic scan of her finger prints and submitted her finger prints to be compared with those stored in NCIC and other law-enforcement databases. The result of this search was a positive match to an existing set of prints indexed by a specific FBI number. A query of this FBI record indicated that a native and citizen of Mexico named TERESA ESCALANTE, born in November 1969, was arrested in San Diego on or about March 9, 1992 and charged with petty theft.

10. When I advised the female claiming to be Julieta Partida of the fingerprint match, she admitted to me that her true and correct name was TERESA ESCALANTE-LARA, and that she was a citizen of Mexico, born on the date in November 1969 listed in the FBI record. My queries of immigration databases and further questioning of TERESA ESCALANTE-LARA revealed that she was an undocumented alien unlawfully present in the United States.

11. Although authorization was obtained on August 21, 2005 from the U.S. Attorney's Office in Buffalo, New York to pursue a criminal case against TERESA ESCALANTE-LARA for a violation of Title 18, United States Code, Section 911, the charge was never pursued because suitable arrangements could not be made for her three minor children. In lieu of the criminal charge, ESCALANTE-LARA was placed in administrative removal proceedings and released on her own recognizance so that she could care for her children.

12. Since August 21, 2005, I have had cause to further investigate ESCALANTE-LARA and the adult male, Daniel Morales-Lopez, with whom she had been traveling on August 21, 2005 and who had absconded. In October 2005, I obtained a federal arrest warrant for Daniel Morales-Lopez

which led to his apprehension by Delaware law enforcement on or about March 14, 2006. On April 24, 2006, Morales-Lopez pled guilty to making a false claim to United States citizenship in violation of 18 U.S.C. Section 911 before Judge Skretny. In August 2006, Morales-Lopez was deported to Guatemala.

13.   On May 23, 2007, in anticipation of ESCALANTE-LARA's appearance in Buffalo at her administrative removal hearing, I conducted a series of queries of automated databases. Through a query to the State of Delaware driver license database, I obtained information which indicated that ESCALANTE-LARA had resumed her fraudulent identity of Julieta Partida. Specifically, I learned that the fraudulently-obtained Delaware driver license no. 139XXXX, which had been used by ESCALANTE-LARA on August 21, 2005 at the Rainbow Bridge Port of Entry had been re-issued on April 11, 2007 to a subject named Julieta Partida born on previously used April 1971 date.

14. Further, on May 23, 2007, I contacted the State of Delaware Division of Motor Vehicles Driver License Administration and requested a photo from the newly-issued driver license number 139XXXX. I was provided with a digital photograph which appears to be ESCALANTE-LARA. A copy of the photograph is attached hereto as **Exhibit B**.

15. I was also provided with a fax copy of the driving record indexed by State of Delaware driver license no. 139XXXX. The record reflected that on July 3, 2006, "Julieta Partida" was issued a duplicate license. The written record further showed that the previous driver license in the Julieta Partida identity was issued on June 18, 2002. A redacted copy of this record is attached hereto as **Exhibit C**.

Wherefore, I respectfully submit the foregoing facts establish probable cause to believe that on or about August 21, 2005, TERESA ESCALANTE-LARA, also known as JULIETA PARTIDA, did falsely claim to be a United States citizen and did knowingly and willfully making a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States, in violation of Title 18, United States Code, Sections 911 and 1001(a)(2) respectively.

Raymond J. Eckert

Sworn to before me this
29th day of May, 2007

H. Kenneth Schroeder, Jr.
United States Magistrate Judge





DRIVING RECORD

DATE 05/23/07

PATITIDA JULIETA

139█    CLASS D

█████████ DE █████

| REPORT ENTRIES | DATE OF BIRTH | SEX | EYES | HEIGHT | WEIGHT |
|---|---|---|---|---|---|
| | 04██ 197█ | | K1 | | |
| LEGA. FAIL TO OBTAIN TITLE | 06/01/02 | SPR75332 | K1 | | |
| 2701 A NO VALID LICENSE | 06/01/02 | SPR75332 | K1 | | 2 |
| TOTAL POINTS | | | | | 006 |
| 20070523    144DES 0000000PO 1397355 | | | | | |

I, the undersigned, an officer of the Division of Motor Vehicles for the State of Delaware, in whose charge the above records are, DO HEREBY CERTIFY that the above is a true and correct copy of the driving record of above named individual as it appears in the Division of Motor Vehicles, and that I am the officer having legal custody of this record.

In testimony whereof, I have hereunto set my hand and official seal of my office in Dover, Kent County, DE.

Division of Motor Vehicles

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA          :

                    -v-           :

TERESA ESCALANTE-LARA
a.k.a. JULIETA PARTIDA,           :    07-CR

            Defendant.            :

_____

**07 CR 253**

**FILED**

OCT 23 2007

CLERK, US DISTRICT COURT, WDNY

# I N F O R M A T I O N

Title 18, United States Code, Section 911

## COUNT I

**The United States Attorney Charges:**


On or about August 21, 2005, in the Western District of New York, the defendant, TERESA ESCALANTE-LARA, did falsely and willfully represent herself to be a United States citizen, in that she falsely stated to Customs and Border Protection officials that she was Julieta Partida, a United States citizen born in Chula Vista, California, when she knew, in truth and in fact, that she was a native and citizen of Mexico.

TERRANCE P. FLYNN
United States Attorney

By: _____
MARYELLEN KRESSE
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 898
maryellen.kresse@usdoj.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA          :

        -v-          :

TERESA ESCALANTE-LARA
a.k.a. JULIETA PARTIDA,          :          07-CR

        Defendant.          :

---

07  CR  253

**FILED**

OCT 23 2007

CLERK US DISTRICT COURT, WDNY

## PLEA AGREEMENT

The defendant, TERESA ESCALANTE-LARA, a.k.a. JULIETA PARTIDA, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 911 (false claim of United States citizenship), for which the maximum possible sentence is a term of imprisonment of three years, a fine of $250,000, or both, a mandatory $100 special assessment, and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, if it is determined that the defendant has violated any of the terms and conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to one year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.    SENTENCING GUIDELINES

3.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE OFFENSE

4.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove

-2-

each of the following elements of the violation of Title 18, United States Code, Section 911 beyond a reasonable doubt:

    (a)  That, on August 21, 2005, the defendant was not a citizen of the United States;

    (b)  That the defendant falsely represented herself to be a United States citizen;

    (c)  That the defendant made such false representation knowingly and willfully.

## FACTUAL BASIS

5.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty, including relevant conduct:

    The defendant, TERESA ESCALANTE-LARA, is a native and citizen of Mexico.

    On or about August 21, 2005, she was encountered at the Rainbow Bridge Port of Entry, traveling in a vehicle with a Delaware license plate, and driven by Daniel Morales Lopez. The vehicle had previously been denied entry into Canada and had been directed by Canadian Immigration Officers back to the United States.

    The defendant told Customs and Border Protection Officers that her name was Julieta Partida and that she was a United States citizen born in Chula Vista, California. She presented a Delaware driver's license with her picture as proof of her identity.

    The defendant later admitted that her true and correct name was Teresa Escalante-Lara, and that she was a native and citizen of Mexico.

-3-

## BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines § 2L2.2(a) applies to the offense of conviction and provides for a base offense level of 8.

## SPECIFIC OFFENSE CHARACTERISTICS

### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.    The government and the defendant agree that no Specific Offense Characteristics apply in this case.

## ADJUSTED OFFENSE LEVEL

8.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 8.

## ACCEPTANCE OF RESPONSIBILITY

9.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 6.

-4-

## CRIMINAL HISTORY CATEGORY

10.  It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.  It is the understanding of the government and the defendant that, with a total offense level of 6 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $500 to $5,000, and a period of supervised release of 1 year.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12.  The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or

-5-

recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### III.    STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or relating to the facts set forth in paragraph five of this plea agreement which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

-6-

### IV. **ALIEN STATUS**

15.   Defendant agrees that she is not a citizen of the United States, and that she is a native and citizen of Mexico.

16.   Defendant acknowledges that because she is not a citizen of the United States, she is subject to the laws, regulations and associated policies of the Bureau of Citizenship and Immigration Services.  The defendant has had a full opportunity to explore the ramifications, if any, that this plea of guilty may have upon her status in the United States.  She has fully discussed this with her attorney and is satisfied that this plea of guilty is in her best interests.  Any effect upon her immigration status is a separate issue which will be determined through the laws, regulations and associated policies, processes and procedures of the Department of Homeland Security.

### V.   **GOVERNMENT RIGHTS AND RESERVATIONS**

17.   At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

-7-

18.    The defendant understands that the government has reserved the right to:

> a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;
>
> b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and
>
> c.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

19.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 07-M-64.

20.    The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in this District in any way involving or related to the facts admitted in paragraph five of this plea agreement, committed up to the date the plea is entered pursuant to this

-8-

agreement and about which the defendant has informed the government prior to signing this agreement.

21.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## Waiver of Right to Post Conviction
## DNA Testing of Physical Evidence

22.   The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government.   As a condition of this agreement, the defendant voluntary waives, for all purposes, any right to request DNA testing of any such evidence.

## VI.   APPEAL RIGHTS

23.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code,

-9-

Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II above, notwithstanding the manner in which the Court determines the sentence.

24. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

-10-

## VII.   TOTAL AGREEMENT OF THE PARTIES

26. This plea agreement represents the total agreement between the defendant, TERESA ESCALANTE-LARA, and the government. There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: _MaryEllen Kresse_

MARYELLEN KRESSE
Assistant U. S. Attorney

Dated: October 23, 2007

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, Nelson S. Torre, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences

-11-

Dated: 10/23 , 2007

_____,
NELSON S. TORRE, ESQ.
Attorney for the Defendant

Dated: 10/23 , 2007

**Interpreter**

I, CORALIA J. HETZNER, hereby affirm under penalty of perjury that I am a Spanish interpreter, and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, Teresa Escalante-lara; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Nelson S. Torre, Esq.

Dated: 10/23 , 2007

_____
Interpreter

-12-

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1
Case 1:08-cr-00064-JJF    Document 5-7    Filed 05/19/2008    Page 1 of 5    (P12919) MJQ for LBP/sb

# UNITED STATES DISTRICT COURT

<u>WESTERN</u>    District of    <u>NEW YORK</u>

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **V.** | |
| TERESA ESCALANTE-LARA | Case Number: 1:07CR00253-001 |
| | USM Number: 15490-055 |
| | Nelson S. Torre |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    1 of Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §911 | False Claim of U.S. Citizenship | 08/21/2005 | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Criminal Complaint 1:07M00064-001 is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 7, 2008
Date of Imposition of Judgment

Signature of Judge

U.S. _____
R_____
By _____ Jan D Kellogg _____
C___k
Original Filed ____2-17-08____

WILLIAM M. SKRETNY, U.S. District Judge
Name and Title of Judge

02 / 15 / 08
Date

AO 245B    (Rev. 12/03) Judgment in a Criminal Case-JJF    Document 5-7    Filed 05/19/2008    Page 2 of 5 (Page 19919) MJQ for LBF/sb
Sheet 4—Probation

Judgment—Page    2    of    5

**DEFENDANT:    TERESA ESCALANTE-LARA**
**CASE NUMBER:    1:07CR00253-001**

# PROBATION

The defendant is hereby sentenced to probation for a term of :    one (1) year.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

- ☒ The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)

- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       TERESA ESCALANTE-LARA
CASE NUMBER:     1:07CR00253-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not re-enter or attempt to re-enter the United States without the written authorization of the Secretary of Homeland Security. Re-entry into the United States without approval of the Secretary of Homeland Security constitutes new criminal conduct which may subject the defendant to criminal prosecution. Re-entry without approval during the term of probation will be considered a violation of the conditions of probation.

The term of probation shall be unsupervised upon removal from the United States.

Judgment — Page ___4___ of ___5___

DEFENDANT:          TERESA ESCALANTE-LARA
CASE NUMBER:        1:07CR00253-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 | $ 0 | $ 0 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |

| TOTALS | $ _____ | $ _____ |  |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     TERESA ESCALANTE-LARA

☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The $100 Special Penalty Assessment Fee is due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.